Laramore, Judge,
delivered the opinion of the court:
Plaintiff, a nonresident alien and a citizen of Lebanon, employed by the Foreign Service in the visa office of the American Embassy, Beirut, was discharged on the basis of his participation in visa frauds. He seeks back pay from December 20,1956, based on the alleged denial of the separation procedures alleged to be required by section 918.8 of the Foreign Service Manual.
The facts are briefly as follows: Plaintiff was employed in 1956 as Chief Visa Clerk in the visa office of the American Consulate, Beirut, Lebanon. He was the senior local employee in the office, having approximately 35 years of service. As Chief Visa Clerk plaintiff maintained the visa quota registration lists which determine the relative priority of a prospective immigrant for an immigration visa to enter the United States under the quota system. Maintenance consisted of registering new applicants by date of application and country of birth, and no entry could have been made or deleted in this book without plaintiff’s knowledge and initial. Plaintiff also maintained quota files which contained all relevant documents presented by the applicant. In addition, plaintiff alone maintained the reports that revealed the current status of people registered in the world-wide quota lists. Plaintiff also drafted correspondence concerning individual visa applicants.
As a result of an investigation begun in 1956 to determine the nature of visa fraud rings suspected to exist, plaintiff was called before a panel appointed by Ambassador Heath, consisting of Mr. Frederick A. Bohne, Consul, Mr. *60 Enoch Lachinian, Mr. Harold Pfau, Personnel Officer, and Mr. Eobert B. Allen, Vice Consul.
Plaintiff, along with three other employees, was separately questioned regarding evidence implicating them in visa irregularities. Each man was informed of the nature of the investigation and of his suspected implication. Each was told of the reason for his appearance and given the opportunity to make an explanation.
Plaintiff was questioned by the panel for approximately 45 minutes. Statements made by informants and witnesses were read to him, without identifying their authors. The reason for not identifying the authors of the statements was a fear that they would be murdered because of their testimony and for the further reason that it was thought that disclosure would destroy their future usefulness as informants.
At the conclusion of the questioning plaintiff was told not to discuss the matter with other employees who had appeared before the panel and was told that he would have an opportunity to make an additional statement to the panel the next day. At no time was he told he could not confer with the panel members. The following day plaintiff again appeared before the panel but offered nothing further except to deny the charges and insist on confrontation of his accusers.
Based on the evidence developed by the investigation, it was agreed by all members of the panel that sufficient evidence existed involving three employees, including plaintiff, and as a consequence they were each dismissed. Plaintiff’s dismissal took place on December 20,1956, the day following the second appearance before the panel. Said dismissal was pursuant to 1 FSM IV, section 918.5, which provided:
918.5 Separation for Cause
Local employees may be separated for malfeasance, misconduct, or for unsatisfactory performance of their duties under such rules as the Foreign Service post may prescribe. The policy of the Department and of the Foreign Service is to protect its employees against arbitrary separation for reasons not related to the good of the Service. Employees are required, however, to render honest, efficient, and loyal service, and shall be *61 separated or removed when necessary to maintain the required discipline and efficiency of the Service.
Plaintiff appealed his dismissal to the American Ambassador who referred his file to the State Department in Washington for an independent determination. The State Department affirmed the dismissal. Thereafter plaintiff appealed his dismissal to the Foreign Service Inspector who made an independent determination and concluded that the evidence warranted plaintiff’s dismissal.
It is plaintiff’s position that he was entitled to be informed of the charges against him and the right to a hearing thereon prior to his dismissal, under the Foreign Service Manual. He contends that he was not informed of the charges and was not given a hearing thereon and consequently his dismissal was illegal.
Defendant on the other hand contends that the Secretary of State had authority to discharge plaintiff summarily; that Congress had authorized the Secretary of State to administer the personnel of the Foreign Service and authorized him to delegate such authority under section 811a, 22 U.S.C. (1952 Ed.), 63 Stat. 111, which provides:
§ 811a. Administration of Foreign Service; delegation of authority.
The Secretary of State, or such person or persons designated by him, notwithstanding the provisions of this chapter or any other law, * * * shall administer, coordinate, and direct the Foreign Service of the United States and the personnel of the State Department. * * *.
Defendant then contends that the Secretary of State delegated to the individual Foreign Service posts authority to separate alien employees for malfeasance and misconduct coextensive to that conferred upon the Secretary by Congress. Defendant further contends that plaintiff actually was in fact afforded the privileges recommended in subsection 918.83 to the maximum extent the circumstances permitted.
There can be no doubt that Congress authorized the Secretary of State to administer and direct the Foreign Service of the United States and the personnel of the State Department. 22 U.S.C. 811a, supra. There also can be no doubt that the Secretary of State under section 811a, supra, had *62 the power to delegate such authority. Nor can there be any doubt that the Secretary had not only the authority but the duty to separate from the Service any alien clerk or employee found guilty of misconduct or malfeasance under 22 TJ.S.C. 1028, which provides:
§ 1028. Separation for misconduct or malfeasance.
The Secretary shall separate from the Service any alien clerk or employee who shall be found guilty of misconduct or malfeasance.
In respect to the above Act Congress has not prescribed any procedures to effect such separation. Thus, obviously such procedures are left to the discretion of the Secretary. As a matter of fact, other provisions of the Foreign Service Act give the Secretary complete control over matters of hiring of employees, transfer of employees, classification and fixing of salaries. 22 TJ.S.C. §§ 946, 947, 872, 886, 889.
Section 1026 of title 22 authorizes the Secretary to promote alien employees with complete discretion as to the reasons therefor.
Section 1027 of title 22 authorizes the Secretary to separate alien employees for unsatisfactory performance of duties.
The Foreign Service Act of 1946, 60 Stat. 999, removed Foreign Service personnel from the coverage of Civil Service legislation and placed them under the direct control of the Secretary of State who was authorized to promulgate all rules relating to their employment.
In view of the foregoing, it is clear that plaintiff, an alien clerk, had no statutory right to a hearing or to any other specific separation procedure. The only question then is whether the Secretary’s regulations provided a mandate for notice and hearing prior to separation.
The action taken by the agency is clearly shown by the record. Plaintiff’s security classification was withdrawn on November 8', 1956 because of his participation in visa irregularities. After a hearing he was discharged for cause under 1 FSM IV, section 918.5, effective December 20,1956.
It is noted that section 918.5 provides for separation under such rules “as the Foreign Service post may prescribe,” and *63 further provides that “Employees * * * shall be separated or removed when necessary * *
Plaintiff contends, however, that section 918.8 was applicable under a section 918.5 discharge and that defendant did not comply with his interpretation of the procedures required therein. Section 918.8 provides:
918.8 Fair Process Rule in Separation of Local Employees
918.81 Foreign Service posts, in exercising their authority to make rules relating to separation, should attempt to make procedural rules consistent with the principles of procedural justice in the local area. Good personnel practice and the need to gain favorable publicity for the Foreign Service as an employer demand that the maximum procedural fairness be followed in separating local employees.
918.82 Despite the necessity for fairness and conformance with local custom, a post should never permit agencies outside the Foreign Service to play any part in the separation process, and it should be understood as one of the terms of employment that no local or other outside authority has local jurisdiction over the employment conditions affecting local employees of the post, as well as the fact that local laws and regulations relating to employment, social security, or other phases of labor protection do not govern the United States Foreign Service employment system. This does not, however, affect the general policy of the Foreign Service to adhere, as closely as pertinent United States laws and regulations will allow, to local laws, customs, and practices with respect to employment conditions and prevailing wages in the locality in which each post is located; nor does it relieve Foreign Service posts from their moral responsibility to refrain from arbitrary action, whenever possible, in the interests of the Government and the Foreign Service.
918.83 Good procedural practice in administration of the separation process should give the employee who is to be separated the following privileges:
a. The right to participate in the process in a language intelligible to the employee.
b. The right to be informed of the charges against him or the reasons for his separation, except in cases in which adverse security information is the cause.
c. The right to receive notice of shortcomings prior to separation and to have an opportunity to overcome such shortcomings.
*64 d. The right to appeal to some person other than the one who brings the charges.
e. A formal hearing at the post in the case of separation for cause, if the employee so desires. Por use as a guide, see 1 FSM IV 700 which outlines the procedures for separation of American employees of the Foreign Service.
A study of section 918.8, supra, leads us to the conclusion that not only this section, but all sections of the regulations promulgated by the Secretary of State were merely intended as a guide and to set forth general policies and principles in the event Foreign Service posts did promulgate regulations. For instance, subsection 918.81 calls attention to the fact that in exercising authority to make rules relating to separation, the post should attempt to make procedural rules consistent with the principles of procedural justice in the local area. This clearly is a direction to the Foreign Service post and not a regulation that plaintiff could rely on. Again in subsection 918.82 the language clearly shows that the precise rules to be used are left to the individual Foreign Service post. Again in subsection 918.83 the Secretary did not use mandatory language, but consistent with the language of the two prior sections uses the permissive or advisory language “should give.”
We can find no specific direction in section 918.8, supra, that regulations must be promulgated, and quite clearly the American Ambassador to Lebanon did not issue regulations in spite of the fact that such authority was vested in him. Hence it cannot be said that there was a failure to follow his own regulations as required by the Supreme Court’s decision in Service v. Dulles, 354 U.S. 363, or that a mandate was contained in the Secretary’s regulation that plaintiff be granted some procedures before removal. Subsection 918.83, supra, suggests good procedural practice and suggests that before removal employees be given the right to participate in a language intelligible to the employee (plaintiff spoke good English); the right to be informed of the charges and reasons for separation; the right to appeal; and the right to a formal hearing at the post. This regulation contained no directive that notice of charges be in writing and plaintiff was actually orally informed of the charges against him and *65 orally given reasons for separation. Furthermore, he was given a formal hearing and did appeal. So in any event plaintiff was in fact afforded the privileges recommended in subsection 918.83 to the maximum extent the circumstances permitted. This, it seems to the court, was really more than plaintiff was actually entitled to since section 918.8 did not give plaintiff any enforceable rights.
If the Secretary’s regulations were meant to be anything other than advisory as to a discretion lodged in the Foreign Service post, there would be no purpose in the Secretary’s issuance of separate regulations pertaining to aliens. Aliens could be grouped with the regulations dealing with separation of Americans, which regulations are specific and leave no discretion to the Foreign Service posts.
We can see nothing startling or unique in our conclusion in that each Foreign Service post certainly would have a diversity of problems which could only be adequately coped with by giving the individual post unrestricted authority. This could only be consistent with the best interests of the United States.
Furthermore, if the plaintiff were guilty of the irregularities charged against him, it could very well affect the security of the United States. Selling visas or tampering with records which might permit an enemy alien to enter the United States as an immigrant could, in our opinion, create a serious threat to our national security. Subsection 918.83b., supra, quite clearly removes any right to be informed of charges or reasons for separation in cases in which adverse security information is the cause.
It was the belief of those responsible for the removal or retention that plaintiff was guilty of the acts with which he was charged, and in the light of the above conclusions plaintiff’s separation was clearly indicated.
For the reasons stated above, plaintiff’s motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition will be dismissed.
It is so ordered.
DuRKee, Judge; MaddeN, Judge; Whitakee, Judge; and JoNes, Chief Judge, concur.